UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X          12 cv 6925 NRB
JOHN VERA,

                                        Plaintiff,            **COMPLAINT**

          -against-
                                                             **JURY TRIAL DEMANDED**

NEW YORK CITY,
DETECTIVE ANDRES MAHECHA MANHATTAN SOUTH NARCOTICS
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.


                                        Defendant(s).
--------------------------------------------------------X
          The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, of

the Law Office of Fred Lichtmacher P.C., respectfully shows to this Court and alleges:

## JURISDICTION

1          Jurisdiction is founded upon the existence of a Federal Question.

2          This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of  rights, privileges, and immunities secured to plaintiff by the Fourth and

Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3          Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4          Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (2).

5          This court has jurisdiction to hear plaintiff's state claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

6          The plaintiff, JOHN VERA, is an Hispanic male and at all times relevant was a resident of

Kings County in the City and State of New York.

7          Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY

OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York, and that at all times relevant defendants

DETECTIVE   ANDRES   MAHECHA   MANHATTAN   SOUTH   NARCOTICS   and

UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, The Individual Defendants were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

12      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

## STATEMENT OF FACTS

13      On March 26, 2012, the plaintiff, while driving his car in lower Manhattan, in and about the Village area, was followed for no legitimate law enforcement purpose for several minutes by an unmarked police vehicle driven by the defendants.

14      While in the vicinity of Bowery and Houston streets at about 6:20PM, plaintiff was stopped and  arrested without having committed a crime nor was there a reasonable suspicion that he was about to commit a crime.

15      The defendant officers who stopped the plaintiff, DETECTIVE ANDRES MAHECHA MANHATTAN SOUTH NARCOTICS and UNIDENTIFIED NEW YORK CITY POLICE

OFFICERS were in plain clothes, and upon information and belief, were looking for drugs.

16      Plaintiff was brought to a nearby precinct where he was detained, searched and strip searched.

17       After the search and strip search yielded negative results, the defendants falsely and maliciously drafted a summons charging plaintiff with driving recklessly for the sole purpose of excusing a legally baseless stop, search and strip search of the plaintiff.

18      Plaintiff was forced to appear in Court on two occasions until the false charge of Reckless Driving pursuant to NY VTL § 1212, a misdemeanor, was finally dismissed and sealed on July 10, 2012.

19      Plaintiff served a notice of claim on the Comptroller of the City of New York on or about July 12, 2012.

20      Plaintiff's 50-H Hearing was conducted on September 5, 2012.

21      As of this date, plaintiff's demand for payment has not yet been addressed by the defendants.

22      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### via FALSE ARREST

23      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

24      The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that said plaintiff was subjected to a false arrest by the defendants.

25      The defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to

confinement and confinement was not otherwise privileged.

26     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the  Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

27     The false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes or that he was about to commit a crime and without any other legal justification.

28     By reason of the unlawful false arrest, the plaintiff was subjected to being handcuffed, spending time in custody of the police, emotional harms, great indignities, humiliation, anxiety, embarrassment, defamation in his community, he was prevented from conducting his normal affairs of business, his personal life was interfered with, he incurred pecuniary harms and he was subjected to numerous other harms.

29     By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an  award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
via AN ILLEGAL VEHICULAR STOP**

30     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31     The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that said plaintiff was subjected to a vehicular stop without a reasonable suspicion that he had committed or was about to commit a crime.

32     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the  Fourth and Fourteenth Amendments of the United States Constitution being

more particularly plaintiff's right to be free from a vehicular stop without a reasonable suspicion he had committed or was about to commit a crime.

33     By reason of the unlawful stop, the plaintiff was subjected to emotional harms, great indignities, humiliation, anxiety, embarrassment, he was prevented from conducting his normal affairs of business, his personal life was interfered with and he was subjected to other harms.

34     By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial, he is entitled to an  award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
<u>ON BEHALF OF PLAINTIFF</u>
<u>VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO</u>
<u>42 U.S.C. § 1983 AND THE FOURTH AMENDMENT</u>
<u>via MALICIOUS PROSECUTION</u>

35     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36     The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to a malicious prosecution by the defendants in that the defendants, their agents, servants and employees, without legal justification and without probable cause to believe plaintiff committed or was about to commit a crime, caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the criminal action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

37     By reason of the unlawful malicious prosecution, the plaintiff was subjected to emotional harms, pecuniary harms, great indignities, humiliation, anxiety, he was taken into police custody, he was handcuffed, he was searched, strip searched, he was forced to make two court appearances, his reputation in the community was damaged, he lost income, he incurred attorneys' fees and he was subjected to other harms.

38      By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
AN ILLEGAL STRIP SEARCH**

39      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40      The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that said plaintiff was subjected to an illegal strip search without probable cause or a reasonable suspicion to believe he had committed or was about to commit a crime and without any other legitimate law enforcement purpose to conduct such a search.

41      By reason of the unlawful strip search, the plaintiff was subjected to embarrassment, emotional harms, great indignities, humiliation, anxiety and he was subjected to other harms.

42      By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
BY THE CITY OF NEW YORK i.e.,
MONELL CLAIM**

43      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44      The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant,

NYC.

45      Defendants NYC as well as unidentified police officers who were supervisors and final
decision makers as a matter of policy and practice, have with deliberate indifference failed to
properly train, discipline, sanction and retrain police officers, despite their knowledge of the
recurring problem of violations of the Constitutional rights of citizens by matters overtly similar
to the instant matter, in spite of repeated complaints of similar behavior, and that there has been
no meaningful attempt on the part of NYC to investigate or forestall further incidents.

46      The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board,
which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate
claims against officers.

47      The defendant NYC intentionally operates an ineffective Internal Affairs Department of the
City's police department, which operates for the purpose of wrongfully exonerating and failing to
substantiate legitimate claims against officers.

48      As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB,
the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights via their
ongoing de facto policy of stopping, searching, strip searching, falsely arresting and maliciously
prosecuting minority males in plaintiff's age group.

49      Despite being often alerted to the aforementioned recurring problems the NYPD has
remained deliberately indifferent to said problems and in so doing encouraged its officers to persist
in these forms of illegal, unconstitutional behavior.

50      By reason of the aforementioned violations of plaintiff's constitutional rights, the plaintiff
was subjected to an unlawful stop, an unlawful search, strip search, false arrest and malicious
prosecution.

51      Plaintiff was subjected to emotional harms, great indignities, humiliation, anxiety,
embarrassment, he was prevented from conducting his normal affairs of business, his personal life
was interfered with, he was pecuniarily harmed, he was taken into police custody, he was forced

to make two court appearances and he was subjected to other harms.

52      By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**via MALICIOUS PROSECUTION**

53      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

54      The plaintiff's rights have been violated under the common law of the State of New York in that said plaintiff was subjected to a malicious prosecution by the defendants in that the defendants, their agents, servants and employees, without legal justification and without probable cause to believe plaintiff committed a crime, caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the criminal action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

55      By reason of the unlawful malicious prosecution, the plaintiff was subjected to emotional harms, pecuniary harms, great indignities, humiliation, anxiety, he was forced to make two court appearances and he lost income, he was searched, stip searched, handcuffed, he incurred attorneys' fees and he was subjected to numerous other harms.

56      By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial.

              **WHEREFORE**, plaintiff demands judgment against the defendants in compensatory and punitive damages on plaintiffs' First, Second, Third and Fourth causes of action and in compensatory damages on plaintiff's Fifth and Sixth causes of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all of plaintiff's claims brought pursuant to 42

U.S.C. § 1983 together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: September 5, 2012
      New York, New York

                                      / s /
                            FRED LICHTMACHER (FL-5341)
                            The Law Office of Fred Lichtmacher P.C.
                            Attorney for Plaintiff
                            The Empire State Building
                            350 5th Avenue Suite 7116
                            New York, New York 10118
                            (212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007
        (212) 788-0303